UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P.H.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-08433-MKD<br><br>A# 240-174-501<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART AND REQUIRING BOND HEARING<br><br>**ECF No. 11** |

Petitioner, an immigration detainee at the Golden State Annex Detention Facility, seeks a writ of habeas corpus under 28 U.S.C. § 2241 and moves for a temporary restraining order requiring his immediate release. ECF Nos. 8, 11. For the reasons discussed below, the Court grants the Petition in part and denies the motion for a temporary restraining order as moot.

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without admission or parole. His immigration records list his date of entry as

unknown. ECF No. 9-1 at 3. By his account, he has lived in the United States since approximately 2007 and has had no contact with immigration authorities during the approximate nineteen years preceding his arrest. ECF No. 11-1 at 6. Before his detention, Petitioner lived in Madera, California. *Id.* at 2. His adult son has autism and an intellectual disability and requires constant supervision. ECF No. 8 at 12. His son's physician describes Petitioner as one of his son's principal caregivers and the only member of the household who works and drives. *Id.*

Petitioner's criminal record reflects one misdemeanor conviction arising from an October 22, 2023, arrest. ECF No. 9-5 at 4-5. On July 10, 2024, he was convicted of driving with a blood alcohol concentration of .08 percent or more. *Id.* The remaining charges were dismissed and his sentence included five days in jail and three years of probation. *Id.* at 5.

On October 7, 2026, ICE officers encountered Petitioner in Kerman, California, while looking for another individual. ECF No. 9-1 at 2. According to the arrest report, Petitioner told the officers he was a Mexican citizen and lacked authorization to remain in the United States. *Id.* The report states that a supervisor authorized an administrative arrest warrant that morning and that officers then took Petitioner into custody. *Id.* The warrant bears the handwritten date October 7, 2026, and a digital signature dated September 9, 2025. ECF No. 9-2 at 1.

On October 14, 2026, DHS issued a notice to appear and a notice of custody

determination directing that Petitioner remain detained. ECF No. 9-3 at ; ECF No. 9-4 at 1. Neither the box requesting review by an immigration judge nor the box declining review is marked. ECF No. 9-3 at 1.

**DISCUSSION**

The parties agree that § 1226(a) governs Petitioner's detention. Petitioner argues that ICE arrested him without a valid warrant and that DHS gave him no opportunity to present evidence for release before deciding to keep him in custody. ECF No. 12 at 3-4. He seeks immediate release or, alternatively, a bond hearing at which Respondent must justify his continued detention by clear and convincing evidence. ECF No. 11 at 3. Respondent seeks denial of the petition because Petitioner could have requested a bond hearing before an immigration judge. If the Court grants relief, Respondent maintains that Petitioner should receive a hearing under the ordinary procedures governing § 1226(a). ECF No. 14 at 1.

Respondent's argument concerns the review available *after* DHS makes its initial custody determination. *See* 8 C.F.R. § 236.1(d)(1). At the time of that determination, Petitioner was entitled to an opportunity to show the officer deciding custody that his release would pose no danger and that he was likely to appear for future proceedings. *See* 8 C.F.R. § 236.1(c)(8). The October 7, 2026, arrest report describes Petitioner as a flight risk and states, "No community ties as per the subject." ECF No. 9-1 at 2-3. That assessment is difficult to reconcile with

the evidence of Petitioner’s employment and his role in caring for his son. ECF No. 8 at 12, 18. The October 14, 2026, notice records the officer’s decision to detain Petitioner but gives no reasons for it. ECF No. 9-3 at 1.

The Court specifically directed Respondent to address whether DHS followed the procedures Petitioner identified. ECF No. 13 (“The response shall also address the arguments raised in the motion and Petitioner's reply…concerning compliance with the statutory and regulatory requirements governing Petitioner’s arrest”). In response, Respondent refiled its October 26, 2026, answer on November 13, 2026, reproducing the original answer’s only substantive paragraph verbatim and affixing the October 26, 2026, signature date. *Compare* ECF No. 9 at 1-2, *with* ECF No. 14 at 1-2. Respondent offers no explanation for the conflicting warrant dates or for the week between the arrest and the documented custody decision. On the point most directly bearing on continued detention, Respondent identifies nothing showing that the deciding officer heard from Petitioner about his family or employment. Respondent’s assertion that § 1226(a) provides “facially constitutional procedures” does not answer Petitioner’s claim that he was denied those procedures. ECF No. 14 at 1. Given the contents of the custody records and Respondent’s failure to address them, the Court credits Petitioner’s account that he had no meaningful opportunity to present grounds for release when DHS decided to continue his detention.

Petitioner argues that the defects in his initial detention require immediate release. ECF No. 15 at 2. Even assuming the arrest warrant was defective, the Court may allow Respondent a short time to correct the violation before requiring release. *See Mahler v. Eby*, 264 U.S. 32, 45-46 (1924). An individualized bond hearing will allow Petitioner to present the evidence of his family ties and employment that he had no meaningful opportunity to offer when DHS detained him. ECF No. 8 at 12, 18. The immigration judge can then determine whether continued detention is warranted.

The Court declines Petitioner's request to require Respondent to prove danger or flight risk by clear and convincing evidence. ECF No. 11 at 3. Under § 1226(a), Petitioner bears the burden of establishing eligibility for release by a preponderance of the evidence. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Providing the hearing remedies the denial of an opportunity to be heard without shifting that burden. *See id.* at 1214.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Amended Petition for Writ of Habeas Corpus, **ECF No. 8**, is **GRANTED in part**, as set forth below.

2. **Within seven days of this Order**, unless Petitioner requests a later date, Respondent **SHALL** provide Petitioner an individualized bond hearing before an immigration judge.

3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez*, 872 F.3d at 1000.

4. Respondent **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondent **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondent does not provide the required hearing within seven days, absent an extension requested by Petitioner, Respondent **SHALL** immediately release him.

7. Petitioner's Motion for Temporary Restraining Order, **ECF No. 11**, is **DENIED as moot**.

8. The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED November 18, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE